UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELBERT WAYNE MANSEL, et al., | |
| Plaintiff(s), | Case No. 2:13-cv-01497-JAD-NJK |
| vs. | ORDER GRANTING MOTION TO COMPEL |
| CELEBRITY COACHES OF AMERICA, INC., | (Docket No. 13) |
| Defendant(s). | |

Pending before the Court is Defendant's motion to compel independent medical examinations. *See* Docket No. 13; *see also* Docket No. 20 (errata).[1] Plaintiffs filed a response in opposition. Docket Nos. 15.[2] Because the response provided no discussion of the proper standards nor citation to any relevant authority, the Court allowed Plaintiffs the opportunity to submit an amended response. Docket No. 17. Plaintiffs thereafter filed a supplemental response. Docket No. 19. Defendant filed a reply. Docket No. 21. The Court finds the motion properly resolved without oral argument. Local Rule 78-2. For the reasons discussed more fully below, the motion to compel is hereby **GRANTED**.

---

[1] That same motion also sought an extension to various deadlines, which the Court granted through a separate order. *See* Docket No. 18.

[2] Plaintiffs filed a response on the public docket, as well as what appears to be an identical response under seal. Docket No. 16. Plaintiffs failed to follow the procedures for sealing documents, which require the filing of documents under seal accompanied by a motion to seal. *See* Local Rule 10-5(b). No motion to seal was filed. At any rate, however, any request to seal appears to be moot in light of the fact that Plaintiffs filed the same documents publicly.

**I.   BACKGROUND**

This case arises out of Plaintiffs' allegation that Defendant negligently injured them in Clark County, Nevada by abruptly stopping the bus in which Plaintiffs were passengers. *See* Compl. at ¶¶ 9, 16 (Docket No. 1-2). Plaintiffs allege that they suffered bodily injury as a result. *Id.* at ¶ 17. Plaintiffs are residents of the Houston, Texas area. *See id.* at ¶ 1. Defendant has sought to conduct independent medical examinations of Plaintiffs by a physician in Las Vegas, Nevada. Plaintiffs have resisted taking the examination in Las Vegas. Notwithstanding their attempts to resolve the issue themselves, the parties have sought the Court's intervention to resolve the dispute.

The primary issue before the Court is where the independent medical examinations should be conducted. Defendant argues that the examinations should occur in Las Vegas, as that is where its chosen physician is located and the forum for Plaintiffs' lawsuit. *See* Mot. at 7. Plaintiffs concede that good cause exists for conducting the examinations, but they argue that the examinations should take place near their residence in Texas because Mr. Mansel is in poor health and unable to travel. *See, e.g.*, Suppl. Response at 4. Plaintiffs also assert that Ms. Mansel has been disabled since 2004. *Id.*

**II.   ANALYSIS**

Independent medical examinations are governed by Rule 35.[3] Although Rule 35 indicates that an order requiring a party to submit to a medical examination must specify the "location" for the examination, *see* Rule 35(a)(2)(B), the Rule itself does not provide guidance as to how the Court should determine the appropriate location. Courts have interpreted Rule 35 as giving "the court broad discretion regarding the terms and conditions of the physical examination." *See, e.g.*, *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 107 (E.D.N.C. 1993).[4] Nonetheless, courts have developed a "general rule" that plaintiffs should submit to the examination in the forum in which they chose to bring suit. *See, e.g.*, *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) (collecting cases). A primary rationale behind that general rule is that it "ensures that the examining specialist is

---

[3] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[4] Neither party submitted case law from this District regarding the proper location for an independent medical examination, and the Court has not located any. Accordingly, this appears to be an issue of first impression in this District.

available as an expert witness at trial." *See, e.g.*, *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 399-400 (S.D. Tex. 2013); *see also McCloskey v. United Parcel Serv. Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997) ("a doctor's presence at trial is made more likely if the doctor is chosen within the jurisdiction of the court").

The general rule, however, is not absolute. In deciding the appropriate location for the examination, courts may consider the plaintiff's medical condition. *See Prado v. County of Siskiyou*, 2009 WL 1657537, *2 (E.D. Cal. June 12, 2009); *see also Blount*, 162 F.R.D. at 107. Because the general rule is that plaintiff must travel to the forum where the action is brought, the burden is on the plaintiff to show that he cannot do so due to his medical condition. *Prado*, 2009 WL 1657537, at *2; *see also Ornelas*, 292 F.R.D. at 400 (burden is on plaintiff to show undue burden or hardship). That burden is not met through general assertions of an inability to travel, but rather requires specific evidence demonstrating an inability to travel. *Prado*, 2009 WL 1657537, at *2-3.

An analysis of the case law reveals that this burden is not easily met. In *Prado*, the plaintiff submitted a declaration from her doctor indicating that she should not travel from her home in Wyoming to the forum in California because she was receiving ongoing cancer treatment that required her to be close to her doctors. 2009 WL 1657537, at *1. The doctor also indicated that a previous trip to California was detrimental to the plaintiff's health. *Id.* Nonetheless, the Court held that the plaintiff made an insufficient showing that the examination should not be conducted in the forum, finding a "lack of specific evidence" supporting plaintiff's assertion of an inability to travel. *See id.* at *3. Similarly, another court found insufficient a doctor's statement that "because of ongoing symptoms and upcoming tests, in his opinion it would be 'imprudent for [the plaintiff] to travel long distances, especially clear across the state.'" *Brueckner v. Burlington Northern & Santa Fe Ry. Co.*, 2006 WL 1575177, *1 (D. Neb. June 6, 2006). That court was unpersuaded by plaintiff's argument in light of, *inter alia*, the doctor's failure to assert more specifically that the plaintiff would or was even likely to suffer any harm by traveling to the forum. *Id.*[5]

---

[5] Plaintiffs provide citation to one case regarding the proper location for an independent medical examination. *See* Suppl. Response at 4, Exh. 1 (attaching unpublished decision in *Jones v. Greyhound Lines, Inc.*, 08-1185-MLB-DWB (D. Kan. June 12, 2009)). That case is not contrary to the case law

1   The Court finds the above case law instructive here, and turns to an evaluation of Plaintiffs'
2   arguments. Ms. Mansel asserts that she is disabled and previously underwent fusion surgery due to a
3   car accident in 2004. *See* Suppl. Response at 4.[6] This is clearly insufficient to satisfy Ms. Mansel's
4   burden of showing that her independent medical examination should occur in Texas. Ms. Mansel has
5   not asserted in even general terms that she is unable to travel, only that she is "not a great candidate to
6   fly." *Id.* Moreover, given that Ms. Mansel alleges that she was in Nevada on a bus in 2011, *see, e.g.*,
7   Compl. ¶ 9, it appears that the 2004 accident did not render her unable to travel. As such, the Court
8   finds that Ms. Mansel must travel to Las Vegas for her independent medical examination.

9   Although the Court is not unsympathetic to Mr. Mansel's situation, he too has failed to
10  sufficiently show that the proper location for his medical examination should be in Texas. Mr. Mansel
11  has submitted a doctor's note indicating that he has a history of severe right heart failure and severe
12  COPD, that he has been hospitalized several times in the last six months, and that he cannot travel long
13  distances as a result. *See* Suppl. Response at 4, Exh. 2. The doctor's note is short on details, however.
14  Indeed, Mr. Mansel's showing here does not depart in any meaningful way from the evidence found
15  insufficient in *Prado* and *Brueckner*. For example, Mr. Mansel has failed to provide any specific
16  discussion of the harm that would likely result from the traveling required for an independent medical
17  examination in Nevada. As such, the Court finds that Mr. Mansel should also be required to travel to
18  Las Vegas for examination.

19  //
20  //

---

22  discussed above. That court rejected the contention that a declaration from the plaintiff's counsel regarding
23  the plaintiff's health was sufficient to show the plaintiff could not travel to Kansas for the medical
    examination. *See id.* at 11-12 (finding such evidence "wholly insufficient"). The Court did not state that
24  a doctor's note alone would be a sufficient showing, but rather indicated that the Court would not even
    "entertain" such a request without explicit, written travel restrictions from a doctor. *Id.* at 12. Indeed, the
25  Court stated that it would view any written restrictions with skepticism in light of the relevant facts. *Id.*

26  [6] Ms. Mansel cites her own interrogatory responses as support. Although she does not specify on
27  which interrogatory response she relies, the answer to Interrogatory 11 states that "[i]n 2004, I was in an
    18 wheeler accident, I had a fusion surgery on my back L5 to S1 . . . I have been disabled since then."
28  Suppl. Response, Exh. 3.

4

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to compel independent medical examinations to be held in Las Vegas is hereby **GRANTED**. With respect to Mr. Mansel, the Court makes this ruling without prejudice to the filing of a proper motion for protective order if he can provide a more substantial showing from his doctor. *See Prado*, 2009 WL 1657537, at *3. Absent a protective order, Plaintiffs shall appear for their examinations to be conducted by Dr. Sanders at his office, 2020 Palomino Lane, Suite 220, Las Vegas, NV 89160, on February 26, 2014, at 2:45 p.m.

IT IS SO ORDERED.

DATED: December 20, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge